## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

---

**AFCO CREDIT CORPORATION**                      **CIVIL ACTION NO. 23-842**

**VERSUS**                                        **JUDGE EDWARDS**

**CROSS COUNTRY MANAGEMENT, LLC**                 **MAG. JUDGE HORNSBY**

---

### MEMORANDUM RULING

Before this Court is a Motion for Summary Judgment (R. Doc. 24) filed by the plaintiff, AFCO Credit Corporation ("Plaintiff"). Pursuant to Local Rule 7.5, a response to Plaintiff's Motion for Summary Judgment was due by March 26, 2024.[1] The defendant, Cross Country Management, LLC ("Defendant"), did not file an opposition, and the deadline to do so has passed; hence, the Motion is unopposed.[2]

For the reasons below, Plaintiff's Motion for Summary Judgment is **GRANTED**.

### I.    BACKGROUND

Defendant executed a "Commercial Premium Finance Agreement – Promissory Note" ("Promissory Note") to obtain commercial insurance in August of 2022.[3] Plaintiff accepted the Promissory Note soon thereafter and loaned the Defendant $428,862.28.[4] Defendant's loan was to be repaid in ten installments beginning on September 14, 2022; however, Defendant made only

---

[1] R. Doc. 25.
[2] R. Doc. 24.
[3] R. Doc. 24-3, Exh. 1, ¶ 4; R. Doc. 24-4, Exh. 1-1.
[4] R. Doc. 24-1, ¶ 2; R. Doc. 24-3, Exh. 1, ¶ 5. The "$428,862.28" value is the "Amount Financed" per the Promissory Note, not damages sought by Plaintiff; it does not account for interest, payments made, and other fees.

two of the ten payments.[5] Plaintiff initiated this lawsuit after Defendant's failure to pay the remainder of the loan alleging breach of contract and unjust enrichment.

In its Answer, Defendant denied the contract's validity and enforceability; the allegation that it breached the purported contract; and the allegation that Plaintiff sustained damages as a result of Defendant's alleged breach.[6] Defendant also denied all allegations of Plaintiff's unjust enrichment claim.[7]

Plaintiff filed the present Motion for Summary Judgment on its breach of contract claim against Defendant. To support its motion, Plaintiff provided an affidavit by its collection manager, a copy of the Promissory Note, the Notice of Acceptance, and a Statement of Account.

## II.    LAW AND ANALYSIS

### a.    Summary Judgment

Courts may grant summary judgment when "the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[8] A dispute about a material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party."[9] The moving party bears the burden of "showing there is no genuine issue of fact," and when faced with a "properly supported motion for summary judgment," the non-moving party "must set forth specific facts showing that there is a genuine issue for trial."[10] Parties must support their assertions by "citing to particular parts of materials in the record including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for

---

[5] R. Doc. 24-1, ¶ 5; R. Doc. 24-3, Exh. 1, ¶ 8.
[6] R. Doc. 10, ¶ 15-19.
[7] R. Doc. 10, ¶ 20-24.
[8] Fed. R. Civ. P. 56(a).
[9] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[10] *Id*. at 256.

the purposes of this motion only), admissions, interrogatory answers, or other materials."[11] When reviewing evidence, the Court must draw "all justifiable inferences" in favor of the non-moving party.[12]

If a party fails to address another party's assertion of fact as required by Fed. R. Civ. P. 56(c), the court may: give an opportunity to properly support or address the fact; consider the fact undisputed for purposes of the motion; grant summary judgment if the motion and supporting materials, including the facts considered undisputed, show that the movant is entitled to it; or issue any other appropriate order.[13]

District courts may not grant a motion for summary judgment simply because the motion is not opposed but may grant the motion "if the undisputed facts show the movant is entitled to judgment as a matter of law."[14]

### b.  Defendant's breach of contract is factually undisputed.

The court applies the "choice-of-law rules of the forum state in which the federal court sits."[15] Louisiana law generally permits parties to stipulate in their contracts which state's laws are to govern them.[16] Where the parties stipulate the state law governing the contract, Louisiana choice of law principles require that the stipulation be given effect, unless there is a statutory or jurisprudential law to the contrary or strong public policy considerations justifying the refusal to honor the contract as written.[17]

---

[11] Fed. R. Civ. P. 56(c)(1)(A).
[12] *Anderson*, 477 U.S. at 255.
[13] Fed. R. Civ. P. 56(e) (1-4).
[14] *Day v. Wells Fargo Bank Nat. Ass'n*, 768 F.3d 435, 435 (5th Cir. 2014) (per curiam).
[15] *Pioneer Exploration, L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 512 (5th Cir. 2014).
[16] La. Civ. Code Art. 3540; *NCH Corp. v. Broyles*, 749 F.2d 247, 250 (5th Cir.1985).
[17] *O'Bannon v. Moriah Technologies, Inc.*, 2018 WL 1561333, at *8 (La.App. 1 Cir. 2018).

The Promissory Note's language provides that the laws of the state indicated by the insured's address govern the contract. [18] Defendant's address is in "Minden, LA," therefore Louisiana law governs Plaintiff's breach of contract claim. [19]

Louisiana jurisprudence provides that "the essential elements of a breach of contract claim are: 1) the obligor's undertaking an obligation to perform; 2) the obligor's failure to perform the obligation; and 3) the obligor's failure to perform results in damages to the obligee." [20]

First, Plaintiff's motion indicates that Defendant was the obligor of a contract, namely the Promissory Note. [21] The Promissory Note reflects that Defendant is the "Insured" and thus incurred the obligation of, among other things, "[payment] to AFCO in the amount of [$442,121.90]" according to the payment schedule and terms of the Promissory Note agreement. [22] The Promissory Note became binding when Plaintiff transmitted its acceptance. [23] Relevant here, Plaintiff's motion includes its notice of acceptance which was transmitted to Defendant and thus made the contract binding between the parties. [24] Plaintiff's acceptance corroborated the terms of Defendant's obligations as recited in the Promissory Note. [25]

Second, the motion reflects that Defendant failed to perform the obligation that was the object of the contract. Steven Woods, Assistant Vice President, Divisional Collection Manager for Plaintiff, provided in a supporting affidavit that "Defendant defaulted with respect to its payment

---

[18] R. Doc. 24-4, Exh. 1-1; ¶ 22.

[19] R. Doc. 24-4, Exh. 1-1.

[20] *Regions Ins., Inc. v. Alliance CAB Serv.*, 293 So.3d 1218, 1222 (La.App. 4th Cir. 2/4/2020).

[21] Defendant generally denied the validity of the Promissory Note in its Answer (R. Doc. 10, ¶ 15-19). Defendant's Answer is not competent summary judgment evidence. *Thompson v. Eason*, 258 F.Supp. 2d, 508, 515 (N.D. Tex. 2003) (where no opposition is filed, the non-movant's unsworn pleadings are not competent summary judgment evidence and the movant's evidence may be accepted as undisputed).

[22] R. Doc. 24-4, Exh. 1-1, ¶ 2.

[23] R. Doc. 24-4, Exh. 1-1, ¶ 10, (acceptable forms of transmission include mail, facsimile, e-mail, or other electronic means); R. Doc. 24-5, Exh. 1-2.

[24] R. Doc. 24-5, Exh. 1-2.

[25] R. Doc. 24-5, Exh. 1-2.

obligations" and "remains in default" for his failure to pay the loan.[26] Specifically, the Defendant made only two of the ten stipulated payments and ultimately failed to repay Plaintiff per the terms of the Promissory Note.[27]

Lastly, the motion reflects that Plaintiff suffered damages as a result of Defendant's failure to perform the obligation arising from the Promissory Note. Plaintiff provided that it sustained damages of "no less than $210,587.40" as a result of Defendant's failure to repay the loan as described in the Promissory Note, which includes principal and interest of $203,880.60; late charges of $6,631.80; and cancellation charges of $75.00.[28]

Defendant did not respond to Plaintiff's assertions of fact. Defendant provided no argument or evidence in its answer, or elsewhere in the record, that could rebut the evidence produced by Plaintiff in support of the present summary judgment. Fed. R. Civ. P. 56(e) allows this Court the discretion to consider the facts presented as undisputed for purposes of the Plaintiff's motion.[29] This Court also has discretion to grant summary judgment if Plaintiff's motion and supporting materials, including the facts considered undisputed, show that Plaintiff is entitled to it.[30]

This Court finds that Steven Woods' affidavit demonstrates the absence of a genuine issue of material fact concerning the Defendant's obligation under the contract, Defendant's breach of contract, and Plaintiff's damages resulting from Defendant's breach. Woods' affidavit is sufficient to shift the burden of showing a genuine factual dispute to the Defendant. Defendant did not oppose the Motion and therefore failed to meet its burden.

---

[26] R. Doc. 24-3, Exh. 1, ¶ 2 and ¶ 8.
[27] R. Doc. 24-6, Exh. 1-3, p.1; R. Doc. 24-3 Exh. 1, ¶ 8.
[28] R. Doc. 24-2, p.7 ¶ 2; R. Doc. 24-3, Exh. 1, ¶ 11.
[29] Fed. R. Civ. P. 56(e)(2).
[30] Fed. R. Civ. P. 56(e)(3).

Accordingly, summary judgment on Plaintiff's breach of contract claim is appropriate.[31]

### III.    CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Summary Judgment is **GRANTED**.

A judgment consistent with this ruling shall follow.

**THUS DONE AND SIGNED** this 10th day of September, 2024.

**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[31] Plaintiff's complaint alleges two claims: breach of contract and unjust enrichment. Plaintiff's Motion for Summary Judgment is only for the breach of contract claim.